# United States District Court

_____SOUTHERN_____ DISTRICT OF _____FLORIDA_____

UNITED STATES OF AMERICA

V.

RICHARD FRANCIS MOORE

**CRIMINAL COMPLAINT**

CASE NUMBER: 00-5022-LRJ

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. From in or about August, 1995, to in or about January, 1996, in Broward County, in the _____Southern_____ District of _____Florida_____ the defendant,

did knowingly, willfully combine, conspire, confederate, and agree with other persons to commit an offense against the United States, that is, to devise a scheme and artifice to defraud and for the purpose of obtaining money and property from persons throughout the United States by means of false and fraudulent pretenses, representations and promises; and, for the purpose of executing the scheme and artifice, did knowingly deliver and cause to be delivered by commercial interstate carriers, according to the direction thereon, mail matter,

in violation of Title 18, United States Code, Section 1341; all in violation of Title 18, United States Code, Section 371.

I further state that I am a(n) __FDLE Special Agent__ and that this complaint is based on the following facts:
<span style="font-size:smaller">Official Title</span>

Please see attached affidavit.

Continued on the attached and made a part hereof:  [x] Yes  [ ] No

_____
Signature of Complainant
Thomas R. McLaughlin
Special Agent, Florida Department of Law

Sworn to before me, and subscribed in my presence,

February 3, 2000      at   West Palm Beach, Florida
Date                                               City and State

LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE      _____
Name and Title of Judicial Officer                                Signature of Judicial Officer

*Filed stamp: 00 FEB -3 AM 10:49, CLARENCE MADDOX, CLERK U.S. DCT. CT., S.D. OF FLA. - WPB*

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Thomas R. McLaughlin, being duly sworn do hereby depose and state:

1. I am a Special Agent with the Florida Department of Law Enforcement and have been so employed for the past ten years. I have been a sworn lawn enforcement officer for a total of 25 years. My activities include the investigation of violations of racketeering, grand theft and fraud. I have extensive training in proper investigative techniques relating to racketeering and white collar crimes. The information contained in this affidavit is based upon my personal knowledge, information obtained from other law enforcement personnel and other sources.

2. Steven Michaels is serving a state sentence for racketeering. As part of his plea agreement, he agreed to give law enforcement a full statement regarding his knowledge of other crimes involving fraud. According to Michaels, in and about September of 1995, RICHARD FRANCIS MOORE, a/k/a Joseph James Ward, formed a bogus computer company, Atlantic Industries, Inc., for the sole purpose of devising a scheme to defraud hardware computer companies by getting these companies to mail computer parts on credit with no intention of actually paying for the merchandise. The information provided by the Michaels has proven reliable and has been corroborated by other sources.

3. As part of the scheme, MOORE obtained a fraudulent identification from the State of Florida in the name of his ex-wife's deceased husband, Joseph James Ward. I have received a copy of this fraudulent identification and can attest to the fact that the photograph bears the face of MOORE. MOORE then used this fraudulent identification to open a bank account at Delaware Trust Bank, in Delaware, Maryland on behalf of Atlantic Industries. MOORE and Michaels also

opened up a post office box from Mail Boxes Etc. located at 4001 Kennett Pike, #134, Greenville, Delaware on behalf of Atlantic Industries. The advantage of using Mail Boxes Etc. over other a United States post office box was that a company sending merchandise to an address of a Mail Boxes, Etc. post office box would have no way of knowing that they were in fact sending merchandise merely to a post office box rather than an actual address for a company.

4. On or about October 4, 1995, MOORE and Michaels submitted to Dun & Bradstreet a completely bogus Statement of Financial Condition of Atlantic Industries purporting to represent the period from July 1, 1994 to June 30, 1995. MOORE signed the statement using the name Joseph Ward as the purported president of the company. The purpose of submitting this bogus statement was so that Michaels could tell computer vendors that they have a good credit rating with Dunn & Bradstreet.

5. From on or about September 25, 1995 to on or about November 20, 1995, Atlantic Industries ordered and received $67,543.77 worth of computer equipment from a company called Avnet Marketing d/b/a Hamilton Hallmark and Hall-Mark Computer Products ("Avnet"). According to Michaels, the orders were placed by fax and phone for Broward County. Avnet, which was located in Georgia, sent the merchandise to Atlantic Industries at the Mail Boxes Etc. address located in Delaware via a commercial interstate carrier. Michaels was able to convince Avnet to send the computer parts on credit by telling its employees that Atlantic Industries had a good credit rating with Dunn & Bradstreet. Neither MOORE nor Michaels ever paid for any of the equipment that Avnet sent Atlantic Industries. The computer parts were then shipped from Delaware to Broward County, Florida, via interstate carriers.

6. In a later variation on the scheme, Michaels advised MOORE that they would order

merchandise on behalf of Atlantic Industries by promising to pay "COD" with an Atlantic Industries company check. Michaels would encourage the computer vendors to call the Delaware Trust Bank and verify that Atlantic Industries was a good bank customer and had sufficient funds to cover the purchase. Michaels would then provide the vendors with an 800 telephone which was purportedly the telephone number to the Delaware Trust Bank but was, in actuality, an 800 number routed to a motel room in Broward County, Florida. MOORE agreed to answer the telephone when vendors would call, pose as an employee of Delaware Trust Bank and verify that Atlantic Industries had sufficient funds to cover the purchase.

7. Before this aspect of the scheme could be implemented however, MOORE was arrested for an outstanding federal fugitive warrant. MOORE contacted Michaels while in jail and told Michaels to give his remaining share of the money he had received from defrauding Avnet to his ex-wife, ROBIN SCHIERO..

8. After MOORE'S arrest, Michaels utilized SCHIERO'S son, ANTHONY WARD, to pose as the representative of Delaware Trust Bank. WARD assured any computer vendor that called about Atlantic Industries that Atlantic Industries had good credit and sufficient funds to pay for the ordered merchandise. In total, eight more computer vendors, using commercial interstate carriers, shipped merchandise to Atlantic Industries at three different Mail Boxes Etc. addresses. As a result, Atlantic Industries defrauded these computer vendors out of an additional approximate $52,331.00 of computer equipment.

9. Wherefore, your affiant has probable cause to believe that RICHARD FRANCIS MOORE, a/k/a Joseph James Ward, has participated in a scheme to defraud, and to use interstate

wire communications and interstate commercial carriers in furtherance of the scheme, in violation of Title 18, United States Code, Section 1341

    FURTHER AFFIANT SAYETH NAUGHT.

                                            Thomas R. McLaughlin, Special Agent
                                            Florida Department of Law Enforcement

    SWORN to and Subscribed before me this _____ day of February, 2000.

LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 00-5022-LRJ

UNITED STATES OF AMERICA,

      Plaintiff,

v.

RICHARD FRANCIS MOORE,

      Defendant.
_____/

**CRIMINAL COMPLAINT COVER SHEET**

1. Did this case originate from a matter pending in the United States Attorney's Office prior to April 1, 1999?  _X_ Yes  ___ No

2. Did this case originate from a matter pending in the Central Region of the United States Attorney's Office prior to April 1, 1999?  _X_ Yes  ___ No

                Respectfully submitted,

                THOMAS E. SCOTT
                UNITED STATES ATTORNEY

BY: _____
        KAREN ATKINSON
        ASSISTANT UNITED STATES ATTORNEY
        Fla. Bar No. 0178603
        500 Australian Avenue, 4th Floor
        West Palm Beach, Florida 33401
        TEL (561) 820-8711
        FAX (561) 820-8777