UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-5022-JOHNSON

UNITED STATES OF AMERICA,

    Plaintiff,

vs

RICHARD FRANCIS MOORE,

    Defendant.
_____/

### DETENTION ORDER

Pursuant to Title 18, U.S.C. § 3142(f), on February 7, 2000, a hearing was held to determine whether the Defendant, Richard Francis Moore, should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this Defendant as required. Therefore, it is hereby ordered that the Defendant, Richard Francis Moore, be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

1. The Defendant is charged with conspiracy to commit mail and wire fraud. 18 U.S.C. §3142 (g)(1).



2. The weight of the evidence against the Defendant is substantial. A Co-Defendant has implicated this Defendant in a scam. Between September, 1995 and this date the Defendant procured his ex-wife's deceased husband's name and background. The Defendant opened a bank account in that name for Atlantic Industries, a bogus company. Using fraudulent financial documents the Defendant and others convinced a computer company to sent them $600,000 worth of computer equipment. None of the merchandise was paid for but was resold. A secondary scam was set up in which the Defendant was to pose as a bank representative to various computer vendors. These vendors provided another $50,000 in computer equipment without paying for it.

This offense occurred while the Defendant was a federal fugitive. That case involved obtaining some $40,000 worth of credit using his deceased father's identification. 18 U.S.C. 3142(g)(2).

3. The pertinent history and characteristics of the Defendant are as follows: The Defendant is a United States citizen and has no known foreign ties. His parents are deceased and he has three ex-wives. He presently lives with his second ex-wife in the Southern District of Florida. He claims to have been working with her selling mobile homes over the past couple of years. He is on state probation. He owes $45,000 in restitution. The Defendant has an extensive criminal history including several bond jumpings, fraud, possession of stolen property. He has a conviction for bond jumping. 18 U.S.C. §3142 (g)(3)(A) and (B).

Based on the Defendant's extensive criminal history including bond jump on a federal case, the undersigned believes that he would not appear if released on bond

prior to trial. 18 U.S.C. § 3142(g)(3)(A) and (B).

4. The Court specifically finds that there are no conditions or combination of conditions which reasonably will assure the Defendant's appearance as required. 18 U.S.C. §3142(e).

Based on the above findings of fact, which were supported by the preponderance of the evidence, the Court has concluded that this Defendant presents a risk of flight.

The Court hereby directs:

1. That the Defendant be committed to the custody of the Attorney General for the confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That the Defendant be afforded reasonable opportunity for private consultation with counsel; and

3. That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED this 7th day of February 2000 at West Palm Beach, Florida.

LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE

cc:   Counsel of Record