UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. **00-6043 CR-FERGUSON**

18 USC §371
18 USC §1341
18 USC §2

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RICHARD FRANCIS MOORE, )<br>)<br>)<br>Defendant. )<br>_____ ) | MAGISTRATE JUDGE<br>SNOW<br><br>NIGHT BOX<br>FILED<br><br>FEB 1 8 2000<br><br>CLARENCE MADDOX<br>CLERK, USDC / SDFL / FTL |

### INFORMATION

The United States Attorney charges that:

### COUNT I

1.   From in or about June, 1995, to in or about January, 1996, the exact dates being unknown, at Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**RICHARD FRANCIS MOORE,**

did knowingly, willfully combine, conspire, confederate, and agree with other persons known and unknown, to commit an offense against the United States, that is, to devise a scheme and artifice to defraud and for the purpose of obtaining money and property from persons throughout the

1



United States by means of false and fraudulent pretenses, representations and promises; and, for the purpose of executing the scheme and artifice, did knowingly deliver and cause to be delivered by the United States Postal Service and by private and commercial interstate carriers, according to the direction thereon, mail matter in violation of Title 18, United States Code, Section 1341.

## PURPOSE OF THE CONSPIRACY

2. It was the purpose and object of the conspiracy for the defendant and his coconspirator to enrich themselves by knowingly and willfully make false and fraudulent representations and promises to induce various computer businesses to send computer products to the defendant and his coconspirator on credit and, once a product was delivered, the defendant and his coconspirator, would not pay for the product or would issue a check knowing that there were insufficient funds in the account from which it was drawn.

## MANNER AND MEANS OF THE CONSPIRACY

3. The manner and means by which the purpose of the unlawful conspiracy was accomplished consisted, among other things, of the following actions by the defendant and his coconspirators:

4. It was a part of the conspiracy that the defendant would and did obtain a obtain a State of Florida Identification Card in the name of Joseph James Ward.

5. It was a further part of the conspiracy that defendant and others would and did form a sham company called "Atlantic Industries, Inc" (hereinafter, "Atlantic Industries") and named Joseph Ward as its president.

6. It was a further part of the conspiracy that defendant and others would and did open an account with Mail Boxes, Etc. for mail boxes located in Delaware, Louisiana and Florida in the

name of Atlantic Industries.

7. It was a further part of the conspiracy that defendant and others would and did submit a false and fraudulent Statement of Financial Condition of Atlantic Industries for the period of July 1, 1994 to June 30, 1995 to Dunn & Bradstreet which indicated that Atlantic Industries had incurred a net income during that period of $268,863.

8. It was a further part of the conspiracy that defendant and others would and did contact a victim computer company and represent that Atlantic Industries was engaged in the business of purchasing computer-related parts and equipment.

9. It was a further part of the conspiracy that defendant and others would and did order and obtain computer-related parts and equipment on credit from said victim business through the use of a false and fraudulent credit history.

10. It was a further part of the conspiracy that victim business was fraudulently induced to send said parts and equipment to Atlantic Industries by and through commercial interstate carriers to an address in the State of Delaware which in reality was a mail box for Mail Boxes, Etc.

11. It was a further part of the conspiracy that defendant and others would have the merchandise received at this mail box delivered by and through commercial interstate carriers to an office located in Fort Lauderdale, Florida.

12. It was a further part of the conspiracy that defendant and others did receive merchandise of the approximate value of $67,500 or more, which crossed a state boundary after being stolen, unlawfully converted, and taken.

## OVERT ACTS

13. In furtherance of the conspiracy and to effect the object thereof, at least one of the following overt acts, among others, was carried out by at least one conspirator in Broward County, in the Southern District of Florida, and elsewhere:

a. On or about August 29, 1995, defendant RICHARD FRANCIS MOORE obtained a fraudulent identification card from the State of Florida in the name of Joseph James Ward.

b. On or about September 19, 1995, defendant RICHARD FRANCIS MOORE and others opened a business account at Delaware Trust bank on behalf of Atlantic Industries.

c. In or about September 1995, defendant RICHARD FRANCIS MOORE and others opened a mail box at a Mail Boxes, Etc. located in Greenville, Delaware on behalf of Atlantic Industries.

d. In or about September 1995, RICHARD FRANCIS MOORE and others submitted a Statement of Financial Condition of Atlantic Industries purporting to the period from July 1, 1994 to June 30, 1995 to Dunn and Bradstreet.

e. From on or about September 25, 1995, to on or about November 20, 1995, RICHARD FRANCIS MOORE and others, acting on behalf of Atlantic Industries, caused a company named Avnet, doing business as Hamilton Hallmark and Hall-Mark Computer Products to deliver, via a private interstate commercial carrier, computer-related merchandise having a value of $67,543.77 to the Mail Boxes, Etc. mail box located in Greenville, Delaware.

f. From in or about September 1995, to in or about December 1995, RICHARD FRANCIS MOORE and others had the merchandise referred to in paragraph e above delivered,

via a private interstate commercial carrier, to an office located in Fort Lauderdale, Florida.

g. From in or about September 1995, to in or about December 1995, RICHARD FRANCIS MOORE and others went to an office located in Fort Lauderdale, Florida and took custody of the merchandise referred to paragraphs e and f above and never paid Avnet any of the money that they owed for said merchandise.

All in violation of Title 18, United States Code, Section 371.

_____
THOMAS E. SCOTT
UNITED STATES ATTORNEY

_____
MATTHEW MENCHEL
ASSISTANT UNITED STATES ATTORNEY

# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

Defendant's Name: <u>RICHARD FRANCIS MOORE</u>   No.:_____

Count #l:

<u>Conspiracy to commit mail fraud; in violation of 18:371</u>

<u>*Max Penalty: Five years' imprisonment; $250,000 fine</u>

Count #

*Max Penalty:

Count #:

*Max Penalty:

Count #:

*Max Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**

REV. 12/12/96

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA            CASE NO. _____

v.                                  **CERTIFICATE OF TRIAL ATTORNEY***

<u>RICHARD MOORE</u>                      **Superseding Case Information**:

**Court Division**: (Select One)        New Defendant(s)          ___ Yes ___ No
                                        Number of New Defendants  ___
___ Miami      ___ Key West             Total number of counts    ___
_X_ FTL        ___ WPB    ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:      (Yes or No)   <u>No</u>
   List language and/or dialect   _____

4. This case will take   <u>3</u>   days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                          (Check only one)

   I    0 to 5 days       X              Petty          ___
   II   6 to 10 days      ___            Minor          ___
   III  11 to 20 days     ___            Misdem.        ___
   IV   21 to 60 days     ___            Felony         _X_
   V    61 days and over  ___

6. Has this case been previously filed in this District Court? (Yes or No)   <u>No</u>
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter?   (Yes or No)   <u>Yes</u>
   If yes:
   Magistrate Case No.   <u>00-5022-LRJ</u>
   Related Miscellaneous numbers:   _____
   Defendant(s) in federal custody as of 2/3/00 _____
   Defendant(s) in state custody as of   _____
   Rule 20 from the   _____   District of _____

   Is this a potential death penalty case? (Yes or No)   <u>No</u>

7. Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 1999? _X_ Yes
   __ No    If yes, was it pending in the Central Region? _X_ Yes ___ No

                                        _____
                                        MATTHEW MENCHEL
                                        ASSISTANT UNITED STATES ATTORNEY
                                        Court Id. No. A5500407

*Penalty Sheet(s) attached