UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.  00-6043-CR-FERGUSON

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

RICHARD FRANCIS MOORE,

        Defendant.

_____/



## **MOTION FOR DOWNWARD DEPARTURE**

      Defendant, Richard Moore, by and through his undersigned counsel, requests this Court to depart downward from the recommended guidelines sentence.  As grounds therefor, Defendant states:

      1.     Mr. Moore is before the Court for sentencing after pleading guilty to conspiracy to commit mail fraud.

      2.     Mr. Moore's recommended guideline sentence is 18 to 24 months imprisonment.

      3.     The Supreme Court has held that a downward departure is justified where the Court determines "certain aspects of the case [are] found unusual enough for it to fall outside the heartland of cases in the Guideline." *Koon v. United States*, 116 S.Ct. 2035, 2046 (1996).  The Supreme Court has recognized that of potential factors that take a case outside the "heartland," some have been forbidden or discouraged by the Sentencing Commission, others have been encouraged or



unmentioned. The Court adopted the following test for the district court to follow in assessing the special factors of a case:

> If the special factor is a forbidden factor, the sentencing court cannot use it as a basis for departure. If the special factor is an encouraged factor, the court is authorized to depart if the applicable Guideline does not already take it into account. If the special factor is a discouraged factor, or an encouraged factor already taken into account by the applicable Guideline, the court should depart only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present. If a factor is unmentioned in the Guidelines, the court must, after considering the "structure and theory of both relevant individual guidelines and the Guidelines taken as a whole," decide whether it is sufficient to take the case out of the Guideline's heartland. The court must bear in mind the Commission's expectation that departures based on grounds not mentioned in the Guidelines will be "highly infrequent."

*Id.* at 2045 (citations omitted).

There are several factors in the present case which authorize this Court to depart from the recommended guideline sentence.

## A. OVERSTATED CRIMINAL HISTORY

Mr. Moore has eight criminal history points, placing him into category IV. Four of his criminal history points are for sentences imposed ***after*** the conduct in the instant case was completed. (See PSI, paragraphs 30 and 31). Two points are for an offense committed more than ten years ago (See PSI, paragraph 29), and another two points for committing the instant offense while on probation for that offense. (See PSI, paragraph 33). Since then, Mr. Moore has not had any other arrests or convictions. Furthermore, Mr. Moore recently successfully completed three years supervised release (See. PSI paragraph 30). The supervised release was served ***after*** committing the instant offense.

2

Section 4A1.3 of the Sentencing Guidelines states: "There may be cases where the court concludes that a defendant's criminal history category significantly over-represents the seriousness of a defendant's criminal history or the likelihood that the defendant will commit further crimes." (emphasis added). In the present case, Mr. Moore meets both prongs of the reason for departure. His criminal history category is over-representative and he is not likely to commit further crime.

## B. AGE OF OFFENSE

The instant offense occurred over four years ago. Also, with the passing of time, Mr. Moore's life has progressed from chaotic to stable. Mr. Moore had a serious drinking problem when he engaged in his criminal conduct, including the instant offense. It is apparent that Mr. Moore now has his life under control and is a productive member of society.

In *United States v. Reed*, 980 F.2d 1568, 1572 (11th Cir. 1993) the Eleventh Circuit acknowledged, without approving or disapproving, the age of the offense as a reason for a downward departure by the district court.

## C. POST-OFFENSE REHABILITATION

The Eleventh Circuit recognizes this factor as a basis for a downward departure. *United States v. Pickering*, 178 F.3d 1168, 1175 (11th Cir. 1999). As already noted, Mr. Moore has been able to get his drinking problem under control. Also, Mr. Moore has always acknowledged his wrongdoing and cooperated with law enforcement.

4.     Despite the limitations of the sentencing guidelines, this Court has the discretion to impose a sentence that meets the many unusual factors of this case. As the Supreme Court stated:

> It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue. We do not understand it to have been the

3

congressional purpose to withdraw all sentencing discretion from the
United States District Judge.

*Koon v. United States*, 116 S.Ct. at 2053.

Title 18 U.S.C. § 3553(a)(2) specifies the purposes for sentencing:

a)    to reflect the seriousness of the offense, to promote respect for the
      law, and to provide just punishment for the offense;

b)    to afford adequate deterrence to criminal conduct;

c)    to protect the public from further crimes of the defendant; and

d)    to provide the defendant with needed educational or vocational
      training, medical care, or other correctional treatment in the most
      effective manner.

All of the foregoing purposes can be accomplished by a sentence that does not include a term

of incarceration. No purpose is served by incarcerating Mr. Moore for something that happened

many years ago. No one, not even the government, will benefit by a term of imprisonment for Mr.

Moore.

WHEREFORE, Defendant respectfully requests this Court to grant the above-styled motion.

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

Peter Birch
Assistant Federal Public Defender
Attorney for the Defendant
Florida Bar No. 304281
400 Australian Ave. N., Ste. 300
West Palm Beach, FL 33401
Telephone: (561) 833-6288
Fax: (561) 833-0368

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was mailed this $\underline{4}$ day of

May, 2000, to Assistant United States Attorney Matthew Menchel, 500 East Broward Blvd., Suite

700, Fort Lauderdale, FL 33394, and to United States Probation Officer Scott Kirsche, 501 South

Flagler Drive, Suite 400, West Palm Beach, FL 33401-5912.

Peter Birch