UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
NO. 00-6043-Cr-Ferguson

**NIGHT BOX
FILED
SEP 1 3 2000
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL**

UNITED STATES OF AMERICA,

    Plaintiff,

- versus -

RICHARD FRANCIS MOORE,

    Defendant.

_____/

### UNOPPOSED REQUEST FOR CERTIFICATION REGARDING RESENTENCING

The United States hereby requests that the Court certify to the United States Court of Appeal for the Eleventh Circuit that it will hold further sentencing proceedings in order to afford the Court of Appeals jurisdiction to remand the case. In support thereof, the government states as follows:

### Procedural Background

Appellant Richard Francis Moore was charged in a one-count information with having conspired to commit mail fraud, in violation of 18 U.S.C. § 371 (R1:9). Pursuant to a plea agreement, Moore entered a guilty plea to the



information (R1:13). The court sentenced Moore to 18 months' imprisonment, to be followed by a 2- year term of supervised release and a $100 special assessment (R1:20). Moore timely filed a notice of appeal (R1:23) and is incarcerated. In the Presentence Investigation Report (PSI), Moore's base offense level calculated based upon a violation of 18 U.S.C. § 371, was 6 (PSI at ¶ 15, USSG § 2X1.1(a), 2F1.1(a)). Because the offense involved a loss of $67,543.77, Moore received a 5-level increase (PSI at ¶ 16, USSG § 2F1.1(b)) and another 2-level increase was accorded because the offense involved a more than minimal planning (PSI at ¶ 17, USSG § 2F1.1(b)(2)(A)), for a total adjusted offense level of 13 (PSI at ¶ 21). Moore received a 2-level adjustment for acceptance of responsibility (PSI at ¶ 22), making his total offense level 11 (PSI at ¶ 23). Moore had 6 criminal history points from his prior convictions and received 2 additional criminal history points because he had committed the instant offense while serving a term of probation for a total of 8 criminal history points, placing him in criminal history category IV (PSI at ¶¶ 32-34). Based upon a total offense level of 11 and a criminal history category of IV, Moore's guideline range was 18 months to 24 months (PSI at ¶ 83).

Moore filed a motion for downward departure, arguing that he should receive a downward departure pursuant to Section 4A1.3 of the Sentencing Guidelines (R1:17). Moore argued that his criminal history score significantly

over-represented the seriousness of his prior conduct because 4 of his criminal history points were for sentences imposed after the conduct which constituted the offense in this case (id.). Moore also argued that the court could depart based upon the age of the offense because his conduct was over 4 years' old and had occurred while he had suffered from a serious drinking problem (id.). Finally, Moore requested the downward departure based upon his post-offense rehabilitation (id).

The probation officer issued an addendum to the PSI reiterating its position that the criminal history adequately reflected the seriousness of Moore's criminal past (Second Addendum to PSI). The probation officer noted that Moore had convictions relating to stolen property, organized fraud, credit card fraud and unlawful financial transactions dating back to 1981 (id). The probation officer further noted that Moore had at least 12 arrests that did not result in convictions. (Id.). The probation officer found that criminal history category of VI accurately reflected the seriousness of his criminal past (id.).

The Sentencing Hearing:

At the sentencing hearing, Moore reiterated his request for a downward departure arguing that if he had been charged with the instant conduct in a prior indictment, that his sentence in that case would only have been only 3 months longer (R2:4). Because the offenses had been charged separately, however, Moore

now faced another 18 to 24 month sentence (R2:4). Moore further argued that the court could depart under Section 4A1.3 of the Sentencing Guidelines and that if he had been charged with both offenses at the same time, his criminal history category would have been II, rather than IV (R2:6-7). The court noted that the guidelines had been correctly calculated and that Moore had not been charged at the same time with the two offenses because he had not disclosed the instant offense (R2:6-7).

The court denied Moore's request (R2:8). After sentence was imposed, in response to the Jones inquiry, defense counsel stated:

> Mr. Birch: I need to clarify. Normally motions for downward departure are not appealable unless the Court feels it does not have the discretion to depart downward as opposed to appeals it has the discretion in denying the motion.
>
> I needed to clarify whether you felt you had the discretion you are denying it, or you felt that you do not have the discretion under the grounds presented.
>
> The Court: Under the grounds presented, I feel I don't have that discretion.
>
> Mr. Birch: If the Eleventh Circuit says no, these grounds do give you the discretion to depart downward, you would consider that?
>
> The Court: I would consider that.

(R2:14).

### Legal Argument

While the government believes that the facts of this case do not warrant a downward departure, it appears that the Court misapprehended its legal authority to depart and thus the matter should be remanded so that the parties can present argument as to the propriety of a departure under the specific facts of the case and permit the Court to have the opportunity to decide whether it wants to exercise the discretion it did not believe it had. A "district court's discretionary refusal to depart downward is not appealable, unless the refusal was based on an erroneous belief that the court did not have the statutory authority to depart from the guideline range." United States v. Sanchez-Valencia, 148 F.3d 1273, 1274 (11th Cir. 1998). See also United States v. Reid, 139 F. 3d 1367, 1368 (11th Cir. 1998) (The Court of Appeals does not "review a district court's refusal to make a downward departure unless the court, in entertaining a defendant's request for a departure, indicates that it lacks the authority to depart").

On September 13, 2000, the undersigned Assistant United States Attorney moved in the Court of Appeals for a stay of the briefing schedule in this case pending a ruling by this Court on the government's request for certification. A copy of the government's motion is attached hereto as Exhibit A. The undersigned has spoken with Paul Rashkind, Assistant Federal Public Defender, counsel for Moore who does not oppose this motion.

The government respectfully suggests that this Court should certify that it will proceed with resentencing if the Court of Appeals grants a remand for that limited purpose. Therefore, the United States moves that this Court certify to the Eleventh Circuit Court of Appeals, pursuant to <u>United States v. Ellsworth</u>, 814 F.2d 613 (11th Cir. 1987), that upon remand, this Court will reconsider the downward departure issues.[1]

---

[1] In <u>United States v. Ellsworth</u>, 814 F.2d 613, 614 (11th Cir. 1987), the Eleventh Circuit held that where a case is pending in the Court of Appeals, the Court will entertain a motion to remand the case for further consideration if the district court certifies that this motion will be heard on the merits.

Conclusion

WHEREFORE, the United States of America respectfully requests that the Court certify that, in the event of a remand, it will hold further sentencing proceedings in light of the discussion and cases cited above.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

BY: _____
LISA A. HIRSCH
Assistant United States Attorney
Florida Bar No. 0691186
99 N.E. 4th Street
Miami, Florida 33132
(305) 961-9214

ANNE R. SCHULTZ
Chief, Appellate Division
Of Counsel

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 13th day of September, 2000 to Peter Birch, Assistant Federal Public Defender, 400 Australian Avenue North, Suite 300, West Palm Beach, Florida 33401-5040.

LISA A. HIRSCH
Assistant United States Attorney

IN THE U.S. COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

No. 00-12997-EE

UNITED STATES OF AMERICA,

        Plaintiff/Appellee,

- versus -

RICHARD FRANCIS MOORE,

        Defendant/Appellee.
_____/

## UNOPPOSED MOTION TO STAY PROCEEDINGS ON APPEAL PENDING THE DISPOSITION OF REQUEST FOR CERTIFICATION IN THE DISTRICT COURT AND MOTION TO REMAND UPON RECEIPT OF CERTIFICATION

Appellee, the United States of America, hereby requests that this Court grant a stay of the appellate proceedings pending disposition of appellee's request for certification in the district court and, upon receipt of certification, that it remand the case for further proceedings, and states in support thereof:

Appellant has appealed from the district court's denial of his motion for a downward departure at sentencing because the court believed it did not have the authority to consider granting a downward departure. The government's brief is presently due to be filed on September 17, 2000.

At appellant's sentencing, the district court denied appellant's request for a downward departure because it believed it lacked discretion to grant such a

*Exhibit A*

requests. We believe that while a downward departure is not warranted under the facts of this case, the district court's conclusion that it lacked discretion was incorrect.

## Background

Appellant Richard Francis Moore was charged in a one-count information with having conspired to commit mail fraud, in violation of 18 U.S.C. § 371 (R1:9). Pursuant to a plea agreement, Moore entered a guilty plea to the information (R1:13). The court sentenced Moore to 18 months' imprisonment, to be followed by a 2- year term of supervised release and a $100 special assessment (R1:20). Moore timely filed a notice of appeal (R1:23) and is incarcerated.

In the Presentence Investigation Report (PSI), Moore's base offense level calculated based upon a violation of 18 U.S.C. § 371, was 6 (PSI at ¶ 15, USSG § 2X1.1(a), 2F1.1(a)). Because the offense involved a loss of $67,543.77, Moore received a 5-level increase (PSI at ¶ 16, USSG § 2F1.1(b)) and another 2-level increase was accorded because the offense involved a more than minimal planning (PSI at ¶ 17, USSG § 2F1.1(b)(2)(A)), for a total adjusted offense level of 13 (PSI at ¶ 21). Moore received a 2-level adjustment for acceptance of responsibility (PSI at ¶ 22), making his total offense level 11 (PSI at ¶ 23). Moore had 6 criminal history points from his prior convictions and received 2 additional criminal history points because he had committed the instant offense while serving

a term of probation for a total of 8 criminal history points, placing him in criminal history category IV (PSI at ¶¶ 32-34). Based upon a total offense level of 11 and a criminal history category of IV, Moore's guideline range was 18 months to 24 months (PSI at ¶ 83).

Moore filed a motion for downward departure, arguing that he should receive a downward departure pursuant to Section 4A1.3 of the Sentencing Guidelines (R1:17). Moore argued that his criminal history score significantly over-represented the seriousness of his prior conduct because 4 of his criminal history points were for sentences imposed after the conduct which constituted the offense in this case (id.). Moore also argued that the court could depart based upon the age of the offense because his conduct was over 4 years' old and had occurred while he had suffered from a serious drinking problem (id.). Finally, Moore requested the downward departure based upon his post-offense rehabilitation (id).

The probation officer issued an addendum to the PSI reiterating its position that the criminal history adequately reflected the seriousness of Moore's criminal past (Second Addendum to PSI). The probation officer noted that Moore had convictions relating to stolen property, organized fraud, credit card fraud and unlawful financial transactions dating back to 1981 and that Moore had at least 12 arrests that did not result in convictions. (Id.).

The Sentencing Hearing:

At the sentencing hearing, Moore reiterated his request for a downward departure arguing that if he had been charged with the instant conduct in a prior indictment, that his sentence in that case would only have been only 3 months longer (R2:4). Because the offenses had been charged separately, however, Moore now faced another 18 to 24 month sentence (R2:4). Moore further argued that the court could depart under Section 4A1.3 of the Sentencing Guidelines and that if he had been charged with both offenses at the same time, his criminal history category would have been II, rather than IV (R2:6-7). The court noted that the guidelines had been correctly calculated and that Moore had not been charged at the same time with the two offenses because he had not disclosed the instant offense (R2:6-7).

The court denied Moore's request, stating that his hands were tied (R2:8). After sentence was imposed, in response to the Jones inquiry, defense counsel stated:

> Mr. Birch: I need to clarify. Normally motions for downward departure are not appealable unless the Court feels it does not have the discretion to depart downward as opposed to appeals it has the discretion in denying the motion.
>
> I needed to clarify whether you felt you had the discretion you are denying it, or you felt that you do not have the discretion under the grounds presented.

> The Court: Under the grounds presented, I feel I don't have that discretion.
>
> Mr. Birch: If the Eleventh Circuit says no, these grounds do give you the discretion to depart downward, you would consider that?
>
> The Court: I would consider that.

(R2:14).

### Legal Argument

While the government believes that the facts of this case do not warrant a departure, it appears that the district court misapprehended its legal authority to depart and thus the matter should be remanded so that the parties can present argument to the district court of the propriety of a departure under the specific facts of the case. Further, the district court should have the opportunity to decide whether it wants to exercise the discretion it did not believe it had.

The government has filed a contemporaneous motion requesting the district court to certify that, if granted jurisdiction of the case, it would consider Moore's motion on the merits. *See United States v. Ellsworth*, 814 F.2d 613 (11th Cir. 1987) (appellate court may entertain motion to remand if district court certifies it will grant motion to resentence defendant). A copy of the motion filed in the district court is attached hereto as an appendix.

This motion is not being filed for the purpose of delay. Rather, the district

court's reconsideration of appellant's request will clarify the record and and render the appeal moot.

Counsel for appellee has contacted counsel for appellant who consents to a remand to the district court for the parties to present their respective positions as to the propriety of a downward departure.

WHEREFORE, the United States of America, respectfully requests that this Court stay the proceedings in the above-entitled case pending a determination by the district court of the government's request for certification and, upon receipt of certification from the district court, that it remand the case for further proceedings.

                Respectfully submitted,

                GUY A. LEWIS
                UNITED STATES ATTORNEY

BY: _____
                LISA A. HIRSCH
                Assistant United States Attorney
                99 N.E. 4th Street
                Miami, Florida 33132
                (305) 961-9214

ANNE R. SCHULTZ
Chief, Appellate Division
Of Counsel

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 13th day of September, 2000 to Peter Birch, Assistant Federal Public Defender, 400 Australian Avenue North, Suite 300, West Palm Beach, Florida 33401-5040.

_____
LISA A. HIRSCH
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
NO. 00-6043-Cr-Ferguson

UNITED STATES OF AMERICA,

        Plaintiff,

- versus -

RICHARD FRANCIS MOORE,

        Defendant.

_____/

## ORDER OF CERTIFICATION

THIS CAUSE comes before this Court on the unopposed motion of the United States for a certification that this Court will reconsider Defendant's Motion for Downward Departure. The Court agrees that the unopposed motion of the United States is well taken.

Accordingly, it is hereby certified to the United States Court of Appeals for the Eleventh Circuit that remand is needed so that this Court may hold a hearing to consider the issues raised in the defendant's motion for downward departure.

**DONE AND ORDERED** AT Fort Lauderdale, Florida, this ____ day of

September, 2000.

WILKIE D. FERGUSON
UNITED STATES DISTRICT JUDGE

cc: Matthew Menchel, AUSA
Lisa A. Hirsch, AUSA
Peter Birch, AFPD